UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LARRY B. LINDSEY, | : | Civil No. 09-3425 (KSH) |
| Plaintiff, | : | |
| v. | : | **MEMORANDUM OPINION and ORDER** |
| ATTORNEY GENERAL ANNE MILGRAM, | : | |
| Defendant. | : | |

The plaintiff submitted a civil complaint pursuant to 42 U.S.C. § 1983, and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, see docket entries Nos. 1 and 2, and it appearing that:

1. The plaintiff is challenging alleged failure of his prison officials to grant the plaintiff so-called "jail-time" credits and "gap-time" credits at the time when the prison officials calculated the plaintiff's sentence. See docket entry No. 1. The plaintiff asserts that, as of now, the error in calculation renders him illegally detained at his current place of confinement, since -- according to his calculations -- he should have been already released from prison. See id. The plaintiff, thus, seeks release from confinement, as well as monetary relief in the amount of $10 million for his currently ongoing incarceration.

2. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "Challenges to the validity of any confinement or to particulars *affecting its duration* are the province of

habeas corpus . . . [while] requests for relief turning on *circumstances of confinement* [fall within the realm of] a § 1983 action."[1]  Id. (emphasis supplied).

The appellate court explained the distinction between the availability of civil rights relief and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

3.  Here, the plaintiff's challenges to calculation of his sentence and, therefore, to the duration of his confinement, squarely fall within the "core of habeas" and, hence, cannot be entertained in this matter.

4.  The plaintiff's claims for monetary relief are premature.  In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed a corollary question to that presented in Preiser, i.e., whether a prisoner could challenge the constitutionality of his conviction or sentence in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  The Court rejected § 1983 as a vehicle to raise such challenges, stating:

---

[1] In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of civil rights and habeas corpus.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate or speedier release.  See id. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See id. at 494.  Assessing the prisoners' challenge, the Supreme Court held that a prisoner must bring a suit for equitable relief that, effectively, challenges "the fact or duration of confinement" as a habeas corpus petition.  See id. at 500.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment or the ensuing sentence, either as imposed or as calculated.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

  5. "Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of the confinement or *its*

*duration*.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)) (original emphasis removed, alternative emphasis supplied).

    6.  Here, this Court's finding that the plaintiff qualifies for damages on the grounds of his sentence being improperly calculated would necessarily demonstrate the invalidity of the plaintiff's currently ongoing confinement.  Accordingly, the plaintiff's claims for monetary relief have not yet accrued and must be dismissed, without prejudice.  See Wallace v. Kato, 549 U.S. 384 (2007).  Which mean that, *only if* the plaintiff obtains a decision of a state court invalidating the duration of the plaintiff's confinement or a habeas writ to the same effect, the plaintiff may seek a monetary remedy by filing a timely civil action for damages.

    IT IS, therefore, on this 6th day of August, 2009,

    ORDERED that the plaintiff's  application to proceed in this matter in forma pauperis is granted; and it is further

    ORDERED that the Clerk shall file the plaintiff's complaint; and it is further

    ORDERED that the plaintiff's complaint is dismissed for lack of jurisdiction and/or as premature.  Such dismissal is without prejudice to the plaintiff's filing of an appropriate habeas corpus petition and a timely civil complaint in the event his civil challenges ripen; and it is further

    ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk of the Court shall forward a copy of this order by regular mail to the Attorney Generals of the State of New Jersey and the warden of the place of the plaintiff's current confinement; and it is further

ORDERED that the plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), the plaintiff is assessed an initial partial filing fee and, when funds exist, the agency having custody of the plaintiff shall deduct said initial fee from the plaintiff's prison account and forward it to the clerk of this court; and it is finally

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in the plaintiff's prison account exceeds $10.00, the agency having custody of the plaintiff shall assess, deduct from the plaintiff's account, and forward to the clerk of this court payments equal to 20% of the preceding month's income credited to the plaintiff's prison account, with each payment referencing the docket number of this action; and it is finally

ORDERED that the clerk of this court shall serve a copy of this memorandum opinion and order on the plaintiff by regular U.S. mail.

/s/ Katharine S. Hayden
**Katharine S. Hayden**
**United States District Judge**